**In Re Grand Jury Subpoena Witness ARNOLD & McDOWELL, and/or Charles R. Carmichael, and/or Faye Knowles.**

United States District Court,
D. Minnesota.

June 27, 1983.

Charles R. Carmichael, Arnold & McDowell, Minneapolis, Minn., pro se.

Ann Montgomery, Asst. U.S. Atty., Minneapolis, Minn., for the United States.

## ORDER

MILES W. LORD, Chief Judge.

Charles R. Carmichael, petitioner in the above-entitled matter, moves this court for an order quashing in part a grand jury subpoena ordering him to produce certain documents and papers. The petitioner is an attorney in the private practice of law and brings this motion to quash on the ground that the items requested in the subpoena are protected by the attorney-client privilege. For the reasons set out below, this court finds that the attorney-client privilege exists as to only part of the documents in question and that all other documents must be produced.

The grand jury subpoena at issue here is dated June 3, 1983, and requests the petitioner and his associates to produce the following materials:

Any and all records in the possession of your legal firm pertaining to the following individuals or entities and specified as follows: Joseph Diego Ramirez, Dr. Joseph D. Ramirez, Casey Ramirez and Richard Anderson (file pertaining to residence only).

(1) Dates, amount and the form (i.e., cash, check) of payments paid by each particular client for legal services rendered; (2) Any record pertaining to the simple transfer of real estate by any of the above-mentioned individuals or entities, such records to include deeds, mortgages, contracts for deed or any other similar paper related to a real estate transaction involving the Princeton Youth Hockey Association.

The petitioner and his associates have complied with this subpoena in part but have refused to produce any documents regarding a real estate transaction between Richard Anderson and Casey Ramirez, both clients of the petitioner. As grounds for this refusal, petitioner argues that the documents in question came into his hands solely by reason of the attorney-client relationship. On that basis, petitioner claims that the requested documents fall within the attorney-client privilege and that by disclosing such documents he would be in violation of his ethical duties to his clients. In addition, it is argued that disclosure of the documents would breach the fifth amendment rights of both Anderson and Ramirez in that their own self-incriminating testimony would be compelled against them without proper waiver.

The fifth amendment protects only against an individual being compelled to testify against himself. In *Fisher v. United States,* 425 U.S. 391, 397, 96 S.Ct. 1569, 1574, 48 L.Ed.2d 39 (1975), the Supreme Court held that the fifth amendment privilege does not apply where the individual being compelled is not the individual claiming the privilege. In that case, a taxpayer had turned over certain tax records to an attorney for the purpose of obtaining legal advice regarding a tax investigation. The Internal Revenue Service later issued a summons upon the attorney requiring him to produce the records. In refusing to comply with the summons, the attorney argued that production of the records would violate the client's fifth amendment rights. The Supreme Court ruled that the fifth amendment privilege was not available to the taxpayer, holding as follows:

The taxpayer's privilege under this Amendment is not violated by enforcement of the summonses involved in these cases because enforcement against a taxpayer's lawyer would not "compel" the taxpayer to do anything—and certainly would not compel him to be a "witness" against himself. The Court has held repeatedly that the Fifth Amendment is limited to prohibiting the use of "physical or moral compulsion" exerted on the person asserting the privilege.

*Id.* at 397, 96 S.Ct. at 1574.

■ While ruling that the taxpayer could not claim a fifth amendment privilege as to the documents in the hands of his attorney, the Court in *Fisher* recognized that the documents could fall under the attorney-client privilege. *Id.* at 401, 96 S.Ct. at 1576. A two-part test was used in determining whether the privilege applied. First, it must be shown that the documents were submitted to an attorney on a confidential basis for the purpose of obtaining legal advice. *Id.* at 403, 96 S.Ct. at 1577; 8 Wigmore, *Evidence* § 2292 (McNaughton rev. 1961). Once this initial inquiry is satisfied, the question becomes whether the documents would have been privileged in the hands of the client by reason of the fifth amendment. *Fisher v. United States, supra* at 403, 96 S.Ct. at 1577 (citations omitted):

> [The attorney-client privilege] protects only those disclosures—necessary to obtain informed legal advice—which might not have been made absent the privilege. This Court and the lower courts have thus uniformly held that pre-existing documents which could have been obtained by court process from the client when he was in possession may also be obtained from the attorney by similar process following transfer by the client in order to obtain legal advice. The purpose of the privilege requires no broader rule. Pre-existing documents obtainable from the client are not appreciably easier to obtain from the attorney after transfer to him. Thus, even absent the attorney-client privilege, clients will not be discouraged from disclosing the documents to their attorney, and their ability to obtain in-

formed legal advice will remain unfettered.

This court has conducted an *in camera* review of the documents requested in this case. A list of those documents is set forth below:

1) letter from Casey Ramirez to the law firm of Arnold & McDowell regarding a real estate transaction between Ramirez and Richard Anderson;

2) letter from Richard Anderson to the law firm of Arnold & McDowell regarding a real estate transaction with Casey Ramirez;

3) letter from petitioner to Casey Ramirez concerning petitioner's examination of the Abstract of Title to certain real estate;

4) Minnesota Certificate of Real Estate Value signed by Richard Anderson and Casey Ramirez;

5) a memo to petitioner from one of his associates regarding the Anderson/Ramirez real estate transaction;

6) warranty deed signed by Richard Anderson;

7) Bill of Sale in regard to certain real estate;

8) other file notes regarding a real estate transaction, including a description of what is to be included in the sale of the property and the location of the property.

■ Of those documents listed above, only three fall within the parameters of the attorney-client privilege. Both Anderson and Ramirez submitted letters to the petitioner containing personal communications in regard to the real estate transaction; each letter was submitted for the purpose of obtaining legal assistance. Although the memo to the petitioner from one of his associates does not directly contain the personal communications of either client, it does explicitly refer to communications made by both Anderson and Ramirez to the associate. These three documents contain direct personal communications between attorney and client and fall within the attorney-client privilege.

■ All other documents in question were prepared by the petitioner and pertain only to the effectuation of the real estate transaction itself. The communications that go into the drawing of these documents, including information as to the location and value of the property, are not the kind of communications that can be termed "confidential" within the context of the attorney-client relationship. In preparing these documents, the petitioner simply employed that information necessary to complete the requested transaction. Since the petitioner acted only as a scrivener in preparing the documents, the confidentiality inherent in an attorney-client relationship was never established as to that information provided for use in the documents. This situation is similar to that presented in *Canaday v. United States,* 354 F.2d 849, 857 (8th Cir.1966). There, the Eighth Circuit refused to recognize the existence of a privilege where the attorney acted merely as a scrivener in the preparation of the client's income tax returns. *See also Pollock v. United States,* 202 F.2d 281, 285–86 (5th Cir.1953), *cert. denied,* 345 U.S. 993, 73 S.Ct. 1133, 97 L.Ed. 1401 (1953) (documents establishing trust fund not covered by attorney-client privilege); *United States v. Davis,* 636 F.2d 1028, 1043–44 (5th Cir.1981) (tax returns, financial transactions, money and property transfers not privileged materials); *see* 8 Wigmore, *Evidence* § 2297 (McNaughton rev. 1961). These latter documents do not fall within the privilege.

Accordingly, IT IS HEREBY ORDERED That the petitioner's motion to quash the grand jury subpoena is granted in part and denied in part, as follows:

1) the letters from Casey Ramirez and Richard Anderson to the law firm of Arnold and McDowell (items numbered 1 and 2 in this opinion) are privileged and need not be disclosed;

2) the memo from one of petitioner's associates to the petitioner (item numbered 5 in this opinion) is privileged and need not be disclosed; and

3) all other documents submitted to the court for *in camera* review are not privileged and shall be provided to the grand jury as requested in the subpoena dated June 3, 1983.